```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY


    DANA N. GRANT-COVERT,
                                        Civil No. 15-6018 (NLH)
             Appellant,
                                        OPINION
         v.

    WELLS FARGO BANK, N.A.,

             Appellee.
```

**APPEARANCES**:

DANA N. GRANT-COVERT
69 GREENVALE ROAD
CHERRY HILL, NJ 08034
     *Pro Se Plaintiff/Appellant*

BARBARA K. HAGER
HENRY F. REICHNER
REED SMITH LLP
1717 ARCH STREET
SUITE 3100
PHILADELPHIA, PA 19103
     *Attorneys for Appellee*

**HILLMAN, District Judge**

Pending before the Court is the debtor's appeal of the bankruptcy court's order vacating an automatic stay entered on July 22, 2015. For the reasons expressed below, the decision of the bankruptcy court will be affirmed, and the debtor's appeal will be dismissed.

I.   **BACKGROUND**

On February 27, 2007, debtor/appellant Dana N. Grant Covert borrowed $265,900 from Weichert Financial Services in connection with the purchase of her residence on 69 Green Vale Road, Cherry Hill, New Jersey.  (Mortgage Note, Bankruptcy Docket 15-20394 [Doc. No. 18-1 at 11].)  To secure the note, debtor and her husband executed a first purchase money mortgage on the property.  (Mortgage, Bankruptcy Docket 15-20394 [Doc. No. 18-1 at 13].)  The mortgage named Mortgage Electronic Registration Systems, Inc. ("MERS") as the mortgagee in a nominee capacity for Weichert.  (Id.)  On September 28, 2008 the mortgage was assigned to Wells Fargo by an assignment recorded on November 11, 2008. (Assignment of Mortgage, Bankruptcy Docket 15-20394 [Doc. No. 18-1 at 22].)  The Note was indorsed to Wells Fargo and then indorsed in blank. (Mortgage Note, Bankruptcy Docket 15-20394 [Doc. No. 18-1 at 12].)

Debtor defaulted on the loan on March 1, 2009.  The total amount due on the home loan as of the date of the bankruptcy petition was $439,722.84.  (Motion to Vacate at 3, 5, 22, Bankruptcy Docket 15-20394 [Doc. No. 18-1].)  On May 4, 2015, a month before the petition was filed, the property had an appraised value of $195,500.  (Appraisal Report, Bankruptcy Docket 15-20394 [Doc. No. 18-1 at 7].)  Debtor valued her

property at $167,400 in her July 1, 2015 bankruptcy schedules. Accordingly, Wells Fargo argues that the debt far exceeds the value of the property.

On June 2, 2015, debtor filed a voluntarily Chapter 7 bankruptcy petition triggering the automatic stay. (Petition, Bankruptcy Docket 15-20394 [Doc. No. 1].) On June 26, 2015, Wells Fargo moved for relief from the automatic stay to foreclose on the real property located at 69 Green Vale Road. (Motion, Bankruptcy Docket 15-20394 [Doc. No. 18].) Debtor opposed the motion and a hearing was held on July 21, 2015. (Opp., Bankruptcy Docket 15-20394 [Doc. No. 24].) Wells Fargo stated it was unable to attend the hearing due to traffic. The bankruptcy court conducted the hearing without Wells Fargo and granted its motion to lift the stay to resume the state foreclosure action. (See July 22, 2015 Order, Bankruptcy Docket 15-20394 [Doc. No. 30].) On July 15, 2015, debtor filed an adversary complaint against Weichert and Wells Fargo pursuant to the Truth in Lending Act, 15 U.S.C. 1601, et seq. (Adversary Compl., Bankruptcy Docket 15-20394 [Doc. No. 23].)

Appellant filed the instant notice of appeal on August 5, 2015. On August 21, 2015, the Deputy Bankruptcy Clerk filed a Certification of Failure to File the Designation of Record. On August 26, 2015, appellant opposed the Clerk's motion to dismiss

3

and submitted a Statement of Issue and Designation of Record on Appeal.  The basis of appellant's motion is whether the bankruptcy court erred in granting Wells Fargo's motion for relief from the automatic stay.  Specifically, Plaintiff alleges the debt was unsecured, Wells Fargo is not a real party in interest, and there was no cause for relief under Section 362(a).

II.  **DISCUSSION**

   A.   **Jurisdiction and Standard**

   This Court has jurisdiction over the appeal from the bankruptcy court's July 22, 2015 Order pursuant to 28 U.S.C. § 158(a), which provides in relevant part: "The district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders and decrees  . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.  An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving."

   In reviewing a determination of the bankruptcy court, the district court subjects the bankruptcy court's legal determinations to plenary review, reviewing its factual findings for clear error, and considering its exercise of discretion for

4

abuse thereof.  In re United Healthcare Sys., Inc., 396 F.3d 247, 249 (3d Cir. 2005).

### B. Analysis

Section 362(d) of the Bankruptcy Code mandates relief from the stay on request of "a party in interest" for "cause" or if the debtor does not have equity in the subject property and the property is not necessary to an effective reorganization.  See 11 U.S.C. § 362(d).  Under Section 362(g), the moving party only has the burden of proof on the issue of the debtor's equity in the property; the debtor has the burden of proof "on all other issues."  11 U.S.C. § 362(g).

Appellant argues that the bankruptcy court erred in granting Wells Fargo relief from the automatic stay because the debt was unsecured, Wells Fargo is not a real party in interest, and there was no cause for relief under Section 362.  The Court addresses these arguments in turn.

### 1. The Debt was Unsecured

Appellant does not seems to dispute that she signed a Note and Mortgage for her home in 2007.  Instead she alleges that she received inaccurate disclosures in violation of the Truth in Lending Act, 15 U.S.C. 1601, et seq., which gave her a right to rescind the loan, and that she exercised her purported right of rescission on March 23, 2015.  (Appellant's Br. at 3.)  When

5

debtor presented this defense in opposition to the lifting of the automatic stay, the Honorable Andrew B. Altenburg, Jr., U.S.B.J., informed debtor that this was a defense to the pending state foreclosure action and not a defense to the relief from the stay. (July 21, 2015 Tr. 3:20-4-11, Bankruptcy Docket 15-20394 [Doc. No. 37].)  He further questioned debtor about the equity in her home and debtor admitted there was no equity. (Id. Tr. 4:22-24.)

The Court agrees with the bankruptcy court that appellant's defenses to the foreclosure action did not affect Wells Fargo's right to relief from the stay.  Matter of Roloff, 598 F.2d 783, 785 (3d Cir. 1979) (affirming district court determination that affirmative defenses and counterclaims relating to the merits of the foreclosure action are not properly raised in a proceeding for relief from an automatic stay, and that the Bankruptcy Court has no summary jurisdiction to hear such claims); In re Everton Aloysius Sterling, 543 B.R. 385, 393 (Bankr. S.D.N.Y. 2015) (lifting the automatic stay so that the foreclosure action could continue and noting that the "interests of judicial economy will be met by lifting the stay and moving forward in the State Court").  Accordingly, the bankruptcy court did not abuse its discretion in preserving issues related to the pending foreclosure for the state court handling the foreclosure.

**2. Wells Fargo as a Real Party in Interest**

Fed. R. Bankr. P. 7017, which incorporates Fed. R. Civ. P. 17 provides, in pertinent part: "[a]n action must be prosecuted in the name of the real party in interest."  Appellant contends that Wells Fargo is not the real party in interest because the mortgage was originally signed by the Mortgage Electronic Registration System ("MERS") as "nominee" for the original lender, Weichert Financial Services.  Wells Fargo argues that it is a party in interest because it submitted a certified assignment of the mortgage and note.

It is well established in New Jersey that either possession of the note or an assignment of the mortgage that predated the original complaint confers standing on a party.  Deutsche Bank Trust Co. Americas v. Angeles, 428 N.J. Super. 315, 318, 53 A.3d 673, 675 (App. Div. 2012) (citing Deutsche Bank National Trust Co. v. Mitchell, 422 N.J. Super. 214, 27 A.3d 1229 (App. Div. 2011)).  Here, Wells Fargo submitted evidence that it was assigned debtor's mortgage on September 24, 2008, before debtor defaulted in 2009. (Assignment, Bankruptcy Docket 15-20394 [Doc. No. 18-1 at 22].)  Accordingly, Wells Fargo had standing to foreclose by virtue of the pre-complaint assignment.

Further, Wells Fargo submitted a certification that attached a copy of the original Note indorsed in blank.  (Note,

Bankruptcy Docket 15-20394 [Doc. No. 18-1 at 12].) Appellant has submitted nothing to refute this evidence. As such, the Court finds Wells Fargo was a "party in interest" under Section 362(d). VFC Partners 25 LLC v. Scranton Ctr. Holdings LP, 541 F. App'x 206, 207 (3d Cir. 2013) ("A mortgage foreclosure action 'may be maintained by either the original holder of the mortgage or a subsequent assignee.' If the mortgage is assigned, the assignee of the mortgage is the "real party in interest" within the meaning of Federal Rule of Civil Procedure 17(a).") (internal citations omitted).

### 3. Cause for Relief from Automatic Stay

Appellant also argues there was no cause for relief from the automatic stay. This argument was not raised with the bankruptcy court and is therefore waived. Buncher Co. v. Official Comm. of Unsecured Creditors of Genfarm Ltd. P'ship IV, 229 F.3d 245, 253 (3d Cir. 2000) (affirming district court's determination that an issue was waived on appeal where party did not raise issue before the bankruptcy court); In re Natale, 280 F. App'x 227, 231 (3d Cir. 2008) (arguments not raised before the bankruptcy court are waived on appeal). Even if the argument was not waived, debtor admitted on the record that there is no equity in the property. Further, both the appraisal and debtor's bankruptcy schedules evidence the absence of

equity.  Accordingly, cause was established by the bankruptcy court. 11 U.S.C. § 362(d)(2).

### III. CONCLUSION

Accordingly, the Court finds that the bankruptcy court committed no error.  The order of the bankruptcy court will be affirmed, and debtor's appeal is dismissed.  An appropriate Order will be entered.


Date:  March 9, 2016                 s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.